IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS ORDONEZ QUEZADA,

     **Plaintiff,**

v.                                     **No. CIV-15-282 LAM**

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

     **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on Plaintiff's ***Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*** *(Doc. 30)*, filed October 25, 2016. The Commissioner filed a response in opposition to the motion on November 7, 2016 (*Doc. 31*), and Plaintiff filed a reply (*Doc. 35*), and an exhibit to the reply (*Doc. 37*), on December 7, 2016. In his motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$5,452.64** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 30*]. The Commissioner opposes the motion because she asserts that her position in this case was substantially justified. [*Doc. 31*]. Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v.*

*Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).   The Commissioner bears the burden of showing that her position was substantially justified.   *See Hackett*, 475 F.3d at 1172.   "The test for substantial justification in this circuit is one of reasonableness in law and fact."   *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).   The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."   *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct . . . if it has a reasonable basis in law or fact."   *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).   However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level."   *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered a ***Memorandum Opinion and Order*** *(Doc. 28)*, which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for "a determination, in accordance with SSR 83-20, of the onset date of Plaintiff's disability."   *Id.* at 21.   The Commissioner asserts that her opposition to Plaintiff's claims in this case was substantially justified because another opinion from this District, *Jaramillo v. Colvin*, CIV-14-0298 SMV (D. N.M. May 4, 2015) (unpublished), supports her position that the procedures set forth in Soc. Sec. Rep. 83-20 did not apply to Plaintiff's claim. [*Doc. 31* at 4].   The Commissioner also contends that her stand on SSR 83-20 is supported by *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001) "and several other circuit court cases" that were cited in her brief opposing Plaintiff's motion to remand.   *Id.* at 5.   Finally, the Commissioner asserts that the Appeals Council, when it remanded this case following Plaintiff's first successful

appeal, "did not mention SSR 83-20 or direct the ALJ to obtain the assistance of a medical expert, and it clearly instructed the ALJ to proceed through the five-step sequential evaluation process for the period of time between Plaintiff's alleged onset date (March 2008) and Plaintiff's [date last insured] (December 2009)."   *Id*. at 6.

First, the Court finds that the Commissioner's reliance on *Jaramillo* is misplaced. Significantly, the Commissioner did not rely on *Jaramillo* in her response to Plaintiff's motion to remand, despite the fact that the *Jaramillo* decision pre-dated the filing of that response by nearly a year.   *Compare* [*Doc. 23*] (the Commissioner's response to Plaintiff's motion to reverse or remand, filed April 11, 2016) *with* [*Doc. 25*, filed in *Jaramillo*, CIV-14-298] (entered May 4, 2015).   The Commissioner cannot retroactively imbue her opposition to Plaintiff's motion to remand with substantial justification by now relying on a decision upon which she did not rely at the time.   In addition, the discussion of *Blea v. Barnhart*, 466 F.3d 903 (10th Cir. 2006) in *Jaramillo* upon which the Commissioner relies is both *dicta* and clearly distinguishable from the facts in the present case.   In *Jaramillo*, the Plaintiff had filed two SSI claims at different times and with respect to two different time periods, the first of which was denied and the second of which was granted.   *See* [*Doc. 25*, filed in *Jaramillo*, CIV-14-298, at 3-4].   In this case, Plaintiff filed a DIB claim that was denied, followed by an SSI claim that was granted.   *See* [*Doc. 28* at 2-3].   In *Jaramillo*, the case was reversed and remanded for an immediate reward of benefits, based on the ALJ's inadequate consideration of the opinions of several medical sources.   The statements in *Jaramillo* that the Commissioner now interprets as granting substantial justification to her position in this case were made in connection with the rejection of Ms. Jaramillo's claim that the ALJ in that case had also erred by failing to apply SSR 83-20, rather than the traditional SEP.   *See* [*Doc. 25*, filed in *Jaramillo*, CIV-14-298, at 7-9].   That claim by Ms. Jaramillo was briefly

considered and denied after her other grounds for appeal had been granted, and the statements made with respect to that unnecessary ground for reversal were thus *dicta*.   *See id.* at 7. Additionally, the court in *Jaramillo* relied, at least in part, on the Commissioner's "Hearings, Appeals, and Litigation Law Manual," which provides that an approval of a subsequent claim does not "invade" a previous adjudication for a different period, as well as the fact that Ms. Jaramillo "herself seem[ed] to acknowledge" that approval of her second application was not determinative of disability in her first.   *Id.* at 8.   Finally, the *Jaramillo* Court distinguished *Blea* on the ground that Ms. Jaramillo's "second application was approved based on evidence that is not relevant to the first application and is not part of the record on the first application."   *Id.* at 9-10.   In the present case, the ALJ denied Plaintiff's claim after she was informed by the Appeals Council that it had affirmed a finding of disability in Plaintiff's subsequent SSI claim, beginning April 1, 2013, but that "the period prior to [that date] requires further administrative proceedings."   [*Doc. 15-17* at 9].   Moreover, prior to the ALJ's post-remand hearing, Plaintiff's counsel specifically asserted that the procedures set forth in SSR 83-20 and *Blea* were applicable to the ALJ's ruling. [*Doc. 15-22* at 15-17].   Therefore, this Court finds that the Commissioner's position was not substantially justified as to this contention.

The Court next rejects the Commissioner's contention that her position was substantially justified based on cases from other Circuits.   The regulations governing DIB claims specifically provide that the Administration "will apply a holding in a United States Court of Appeals decision," even if the decision conflicts with the Administration's own interpretation of the law, and will apply that decision "to claims at all levels of the administrative review process within the applicable circuit," with limited exceptions.   20 C.F.R. § 404.985(a).   SSR 83-20 is the Administration's own interpretation of the law, and *Blea* is the Tenth Circuit Court of Appeals'

interpretation of both SSR 83-20 and the law.   Pursuant to this regulation, the Administration is bound to apply Tenth Circuit decisions in this Circuit.   Therefore, whether or not some other Circuits have or have not held differently does not give the Commissioner's attempt to circumvent *Blea* in this case the justification that would preclude Plaintiff's recovery of his attorney's fees under the Equal Access to Justice Act based on his successful argument that *Blea* should have been applied by the ALJ.   The Court, therefore, finds that the Commissioner's position was not substantially justified as to this contention, as well.

Finally, the Court rejects the Commissioner's assertion that her position was substantially justified because the Appeals Council did not direct the ALJ to obtain the assistance of a medical advisor, as required by *Blea*.   Significantly, this argument ignores the relationship of the parties in this proceeding.   The ALJ, the Appeals Council, and the Commissioner are all parts of the same entity, which is the Social Security Administration.   The alleged error of one part of an entity does not give another part of that entity substantial justification for its conduct.   Whatever the Appeals Council or the Commissioner herself may have done to "cause" the ALJ to render a decision that was reversed and remanded on appeal, it would not "substantially justify" the ALJ's error.   Even more significantly, ALJs are charged with knowing and applying the law and, therefore, any failure by the Appeals Council to "direct" the ALJ to follow the law is without significance.   The Appeals Council did not direct the ALJ to disregard the law and, even if it had, the ALJ could have followed the appropriate procedure anyway or, at the very least, issued a decision stating that she felt compelled to comply with the Appeals Council's mandate.   However, neither of those events occurred, leading this Court to conclude that the Commissioner's argument, that the Appeals Council's failure to specifically direct the ALJ to apply the procedures outlined in *Blea* for

determining the onset date of Plaintiff's disability provides substantial justification for her opposition to Plaintiff's appeal, is without merit.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 30)*** is **GRANTED**, and that Plaintiff is authorized to receive **$5,452.64** in attorney's fees for payment to Plaintiff's attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**


*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**